IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD V. DAVIS | § | |
| v. | § | CIVIL ACTION NO. 6:04v500 |
| DR. KEN KUYKENDALL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Plaintiff Harold Davis filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Davis complains of uses of force which allegedly took place in December of 2002 and April of 2003. He says that in the December 2002 incident, he was being escorted from his cell by guards including Officer Dixon. His hands were cuffed behind his back. Davis refused to continue walking and a guard jerked on his arm, and Davis jerked back. Dixon and another guard took Davis to the floor and hit him while holding his head. The other guard dropped Davis' head to the floor and Dixon kicked him in the ear.

In the April 2003 incident, Davis had his cell door tied shut and Officer Lawson managed to get it open. He went into Davis' cell and Davis sprayed him with an unknown substance. Lawson closed the door, then opened it again and kicked Davis onto the ground, where he stomped on Davis' upper back, neck, and head.

1

This Court originally granted summary judgment for the Defendants based upon a finding that the injuries suffered were *de minimis*, but the Fifth Circuit reversed, holding that material issues of fact existed as to whether or not the injuries were *de minimis* and whether the force used was done in a good faith effort to restore discipline or was malicious and sadistic for the very purpose of causing harm.[1]

Following the remand, the Defendants again moved for summary judgment. In this motion, they again argue that the injuries suffered by Davis were *de minimis*, relying on the same summary judgment evidence upon which the first motion for summary judgment was based. The Defendants also argue that they are entitled to qualified immunity, noting that while Davis gave his version of events, the version given by the officers was consistent with the investigation reports and the statements of witnesses. The Defendants state that in each incident, the investigation reports concluded that there was no credible evidence to support a conclusion that excessive force had been used, and argue that they are entitled to qualified immunity based on the findings of the investigation reports that excessive force had not been used, the affidavits of the officers themselves, and the lack of any injury which was more than *de minimis*.

On July 17, 2008, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be denied, concluding that disputed issues of fact existed which preclude the entry of summary judgment. No objections were filed to the Report, and so the parties are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

---

[1]Davis also sued Dr. Ken Kuykendall, claiming that the doctor was deliberately indifferent to his serious medical needs. The district court determined that these claims were frivolous, and the dismissal of the claims against Dr. Kuykendall was affirmed by the Fifth Circuit.

The Court has reviewed the pleadings and records in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 69) be and hereby is DENIED. It is further

ORDERED that the Order of Reference to the United States Magistrate Judge (docket no. 59) is hereby VACATED.

**So ORDERED and SIGNED this 3rd day of September, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**